IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                             )
                                                   )
JAMES WARREN SHEPPARD,        )   Case No. 09-43272-13
                                                   )
        Debtor.                            )

## ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM NUMBER 8-2 FILED BY eCAST SETTLEMENT CORPORATION

Debtor James Warren Sheppard objects to Claim Number 8-2, filed by eCast Settlement Corporation, relating to a prepetition credit card obligation. In essence, the Debtor asserts that Claim 8-2 should be denied due to insufficient itemization and supporting documentation. For the reasons that follow, the Debtor's Objection to Claim 8-2 will be OVERRULED.

The Debtor filed this Chapter 7 bankruptcy case on January 8, 2009,[1] which was converted to Chapter 13 on July 13, 2009. On both the original schedules, and the conversion schedules filed on July 21, 2009, the Debtor listed an unsecured, nonpriority debt to Chase, regarding account number **** **** **** 2382, in the amount of $15,000. The debt was not listed as being contingent, unliquidated, or disputed.

eCast Settlement Corporation, as assignee of Chase Bank USA, N.A., timely

---

[1] The case was initially filed as a joint case with the Debtor's wife, but the case was subsequently deconsolidated.

filed a proof of claim, Claim Number 8-1, on September 24, 2009, in the amount of $14,990.52, regarding a credit card account with an account number ending in 2382. The claim also noted that the Debtor may have scheduled the account as being held by Chase Bank USA, N.A. The Debtor objected to the claim, alleging that it was filed with insufficient supporting documentation. On January 14, 2010, eCAST filed an amended claim, Claim 8-2, which appears to be identical to the original, and in the same amount, to include additional supporting documentation. The Debtor again objected, asserting again that the documentation attached was insufficient, and also that eCAST failed to check the box on the claim form indicating that the claim included prepetition interest. eCAST asserts that the documentation attached to Claim 8-2 is sufficient to prove its claim.

As the Bankruptcy Appellate Panel for the Eighth Circuit stated in *In re Dove-Nation*:

> In the bankruptcy context, a claim is any right to payment. 11 U.S.C. § 101(5). A creditor includes any entity which has a claim against the debtor that arose at or prior to the entry of the order for relief under the Bankruptcy Code. 11 U.S.C. § 101(10)(A). A creditor may file with the bankruptcy court a proof of its claim against a debtor. 11 U.S.C. § 501(a). In the event the creditor does not timely file a proof of claim, the debtor or another entity who is also liable on that claim may file a proof of the claim. 11 U.S.C. § 501(b) and (c). A claim, proof of which is filed pursuant to Section 501 of the Bankruptcy Code, is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If an objection to a claim is filed, the court shall determine the amount of such claim as of the date of the bankruptcy petition and shall allow such claim in such

amount except to the extent that any of nine enumerated exceptions apply. 11 U.S.C. § 502(b)(1)-(9). Section 502(b) sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies.[2]

"A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form."[3] "When a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim."[4] "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."[5]

> A proof of claim is allowed unless someone objects to it. If the proof of claim conforms with the rules it constitutes prima facie evidence of the claim. The burden of proof then shifts to the objector to establish that the claim fits within one of the exceptions set forth in Section 502(b) of the Bankruptcy Code. 11 U.S.C. § 502(b)(1)-(9) . . . . Even if the proofs of claim are not entitled to prima facie validity, they are some evidence of the [c]laimant's claims.[6]

As in *Dove-Nation*, the Debtor does not argue that any of the grounds for disallowance found in § 502(b)(1)-(9) applies. Rather, the question here is whether eCAST's proof of claim conforms with the rules – if it does, then it constitutes prima

---

[2] *In re Dove-Nation*, 318 B.R. 147, 150 (B.A.P. 8th Cir. 2004).

[3] Fed. R. Bankr. P. 3001(a).

[4] Fed. R. Bankr. P. 3001(c).

[5] Fed. R. Bankr. P. 3001(f).

[6] *In re Dove-Nation*, 318 B.R. at 152 (citations omitted).

3

facie evidence of eCAST's claim, and the Debtor would then bear the burden of proving that the claim should be disallowed for one of the reasons listed in § 502(b).

eCAST filed its claim on the Form B10 (Official Form 10). Paragraph 7 of the Official Form 10 states as follows:

> Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side."*)
>
> DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
>
> If the documents are not available, please explain.

The Debtor asserts that Claim 8-2 should be disallowed for failure to attach the writing upon which the claim is based as required by Rule 3001(c) and these directions contained on the claim form. He also asserts that the claim should be disallowed because eCAST failed to check the box next to the statement on the form saying "Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges."

Specifically, eCAST attached to Claim 8-2 an Account Summary which, nearly identical to that in *Dove-Nation*, included the Debtor's name, address, and last four

digits of his social security number; the bankruptcy case number, filing date, and chapter; the last four digits of the account number, the date the account was opened, and the account type which was listed as "credit card debt"; the balance at filing date; and a paragraph stating:

> Pursuant to paragraph 7 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching voluminous account documents, a summary of the account, compiled from the information contained in the account databases of Chase Bank USA, N.A. and their agents, if any, is provided. (See Instructions to Official Form 10). This debt arises from the use of a credit / charge card account or other money loaned, the supporting documents for which were provided by Chase Bank USA, N.A. to the debtor pre-petition. For further information about this claim call 1-800-[phone number] and ask to speak to the Claims Servicing Supervisor. Some documents may no longer be available.

In addition, eCAST attached redacted copies of three of the Debtor's monthly credit card statements of the type typically sent to Chase's credit card account holders. The statements were for the periods of September 22, 2008 to October 21, 2008; October 22, 2008 to November 21, 2008; and November 22, 2008 to December 21, 2008. As in the typical credit card statement, they each show a previous balance being carried forward, transactions on the account for the relative period, and interest charges for the period. Each statement also reports the effective annual percentage rate.

*Dove-Nation* held that the type of Account Summary attached to Claim 8-2

5

sufficiently complies with the rules and instructions on the form.[7] Indeed, by including the three monthly statements in addition to the Account Summary, eCAST actually attached more supporting documentation than the creditor did in *Dove-Nation.* I find, therefore, that the documentation attached to Claim No. 8-2 complies substantially with the rules and instruction on the claim form and is, therefore, sufficient documentation of the claim.

The Debtor nevertheless asserts that the documentation supplied does not allow him to calculate, or verify, the total amount of interest included in the claim. That is true. However, in the revolving credit card account context, requiring the creditor to reconstruct the total amount of interest, often going back many years, is both onerous and unnecessary. The Debtor does not dispute that he received regular monthly billing statements since he opened the account. As stated above, each billing statement sets forth the activity on the account for that period, and a specific breakdown of the interest charged on the balances for the various categories of activity on the account. Any late charges or other penalties would also have been reflected on each bill. Each billing statement also contains a provision stating that, if the Debtor

---

[7] 318 B.R. at 151-52. *Accord In re Curry* ____ B.R. ____, 2010 WL 936152 (Bankr. D. Kan. March 16, 2010) (holding that proof of claim with account statement from the period immediately preceding the petition date, which contained the debtor's name, account number, and amount due, along with a telephone number to call for further information, complied with the Bankruptcy Code and Rules, and was sufficient to give the claim to prima facie validity).

believed the bill was wrong, or if he needed more information about a transaction on the bill, he was required to contact Chase no later than sixty days after Chase sent the bill on which the error or problem appeared. If the Debtor had a problem with the calculation of interest on the account, he had monthly opportunities to raise the issue with Chase, but did not. And, the Debtor makes no allegation here that the claim includes improper interest or charges. In fact, similar to *Dove-Nation*, the Debtor listed this debt on his schedules without indicating that the debt was contingent, unliquidated, or disputed. He estimated the debt at $15,000, which is close to, and in fact exceeds, the amount claimed by eCAST. While not solely determinative,[8] his acknowledgment of the debt in that manner is some evidence supporting the claim.[9] Because I find the documentation to be sufficient, and the Debtor has failed to set forth any specific allegation that the claim amount is incorrect, I find that he has failed to rebut its prima facie validity.

In addition, while the Debtor is correct that, because eCAST's claim includes interest, it should have checked the box so indicating, I find that, in this particular context, the suggestion that the failure to check the box was misleading is far-fetched,

---

[8] *See In re Curry*, 2010 WL 936152 at *4 (noting that a credit card creditor may not rely solely on the debtor's schedules as evidence of the claim, but must also attach supporting documentation).

[9] 318 B.R. at 152.

particularly since the attached account statements plainly show that interest was charged. It would have been preferable for eCAST to check the box, but failing to do so in this instance does not suffice to rebut the claim's prima facie validity.

Finally, at the hearing, the Debtor asserted that he could not determine the chain of ownership of the account. However, in addition to the documentation described above, eCAST attached to Claim 8-2 a notarized document dated August 27, 2009, entitled "Assignment of Accounts and Waiver of Notice of Transfer of Claims," which states that Chase Bank USA, National Association, sold all right title and interest in the Debtor's account to eCAST Settlement Corporation. I find that the notarized Assignment of Accounts and Waiver of Notice of Transfer of Claims sufficiently evidences the transfer of the claim from Chase to eCAST.

ACCORDINGLY, because the documentation attached to Claim Number 8-2 sufficiently complies with the rules and instructions on the form, and because the Debtor has failed to rebut the prima facie validity of Claim Number 8-2, his Objection to such claim is OVERRULED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: 3/29/10